UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Boone, | ) | C/A No. 5:15-cv-03225-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | (Partial Summary Dismissal) |
| | ) | |
| Willie J. Eagleton; | ) | |
| Ms. Buchanan; | ) | |
| Ms. Leak, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate housed at Evans Correctional Institution ("Evans"). Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Plaintiff filed this case as an "emergency" motion for injunction, asking this court to enjoin Defendant Eagleton and unnamed personnel ("the administration at Evans") from "retaliating" against Plaintiff and other prisoners for their contacting outside officials about a prison rape that Plaintiff alleges was never investigated. Initial Compl. 1, ECF No. 1. Plaintiff asserts that he has been threatened by Defendant Eagleton and that other "threats of violence and imminent danger" have been made against Plaintiff and other involved inmates just because they

contacted "outside sources" to obtain assistance. Plaintiff asks for an injunction "to ensure our safety and freedom from harrassment [sic]." *Id*. at 3.

Following initial review of Plaintiff's brief, hand-prepared Initial Complaint, the court directed Plaintiff to submit a more detailed pleading on a court-approved complaint form, which he has done. That completed complaint form is attached to the original Complaint. ECF No. 1-2. In that supplemental pleading, Plaintiff names two additional Defendants—Ms. Buchanan, Food Service Director, and Ms. Leak, Food Service Supervisor—and asserts that he was called into Defendant Warden Eagleton's office and verbally threatened and harshly reprimanded for seeking outside assistance with a potentially criminal matter involving an attack on one of Plaintiff's fellow inmates, which attack Plaintiff alleges was never investigated. *Id*. at 5, 8. He also alleges that Defendant Leak verbally abused and "embarrassed and humiliated" him "for no 'good' reason . . . ." *Id*. at 6.

Plaintiff further alleges that all three Defendants have close relations, protect each other from the consequences of their own misconduct, and intentionally mistreat inmates under their supervision. *Id*. at 7-8. Plaintiff alleges that all three Defendants retaliated against him for filing grievances or contacting outside sources for assistance in getting the alleged criminal assault investigated. He alleges that in April 2015 he was forced under threat of a disciplinary violation charge to work excessively long hours "7 days a week" in the kitchen at Evans as "punishment and retaliation . . ." for him having filed a misconduct report against Defendant Leak and for trying to get an investigation done into the assault on the fellow inmate. *Id*. Finally, Plaintiff alleges that Defendant Eagleton "is deliberately hindering [his] advancement through the [administrative remedy] process" by not giving back Plaintiff's request to staff form and not

responding to his Step 1 grievance. *Id*. at 9. Plaintiff seeks injunctive relief only in the nature of an order requiring Defendants to end their alleged threats and retaliation and an order directing officials at the prison-system headquarters to "personally meet with [him] to resolve this issue." *Id*. at 10.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, it is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *see Northington v. Jackson*, 973F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Cameron v. Bonney*, 523 F. App'x 969, 970 (4th Cir. 2013) (allegations of verbal abuse do not state a plausible § 1983 claim). Verbal abuse of a prisoner is not actionable under § 1983.[1] *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Boston v. Stanton*, 450 F. Supp. 1049 (W.D. Mo.1978) (same). While the threats and abusive language allegedly made by Defendants were deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009) (*sua sponte* dismissal affirmed). Accordingly, Plaintiff's allegations of verbal threats or

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

abuse by the three Defendants do not show that his federal constitutional rights were otherwise violated and, therefore, fail to state a plausible federal claim upon which relief may be granted.

To the extent Plaintiff is attempting to bring an action on behalf of his fellow inmates, he lacks standing to bring suit on behalf of other persons such as the fellow inmate who was allegedly assaulted. *See Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n.3 (7th Cir. 1990). In the *Kerner* case, the court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel. *See* 28 U.S.C. § 1654. However, the right to proceed pro se in civil cases is a *personal* right. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). "Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."). Additionally, Plaintiff does not have any constitutional right to, or any judicially cognizable interest in, the prosecution or non-prosecution of another person for a crime against Plaintiff himself or against any other person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), in which the United States Supreme Court reiterated its earlier holding in *Linda R.S. v. Richard D.* and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454

U.S. at 86-87; *see also In re Appointment of Indep. Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973).

In light of the law cited above, Plaintiff's Complaint also fails to state any plausible claim for relief to the extent that it could be liberally construed as asserting that Defendants violated Plaintiff's constitutional rights by failing to conduct an investigation into the alleged assault on his fellow inmate. Plaintiff has no standing to assert a claim on behalf of the allegedly injured inmate, and his own constitutional rights were not violated by the fact that one or more of the Defendants refused to investigate or failed to file criminal charges against the person who allegedly attacked the other inmate.

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case insofar as it seeks relief for any alleged threats or abusive language that one or more Defendants used against Plaintiff. It is further recommended that the Complaint also be partially dismissed to the extent that it seeks relief based on allegations of Defendants' refusal to investigate an attack on another inmate or institute criminal charges against the alleged attacker. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that the Complaint be served on all three Defendants with directions that they should only respond to the allegations of unconstitutional retaliation against Plaintiff by making threats about his being in serious physical danger and requiring him to work excessive hours under threat of disciplinary charges because he reported alleged misconduct of prison employees, ECF No. 1 at 3; ECF No. 1-

2 at 5,7, and obstruction of Plaintiff's attempts to utilize the prison administrative remedy process, ECF No. 1-2 at 3-4, 9.

IT IS SO RECOMMENDED.

*[signature]*

October 20, 2015                                                                 Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**